IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **CHRISTOPHER ZIMMER** ) | |
| ) | Case No. 3:25-cv-00641 |
| v. ) | Chief Judge Campbell |
| ) | Magistrate Judge Holmes |
| **CITY OF MURFREESBORO** *et al.* ) | |

## O R D E R

On August 7, 2025, Defendant Jonathan Fenoy filed a first amended answer. (Docket No. 25.) Defendant Fenoy states that he is filing his amended answer pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure. (*Id.* at 1.) Plaintiff subsequently filed a first amended complaint. (Docket No. 27.) Because the first amended complaint is now the legally operative pleading, superseding even Defendant Fenoy's first amended answer, Plaintiff's pending motion to deem certain allegations admitted by Defendant Fenoy and to strike insufficient affirmative defenses (Docket No. 16) is rendered (doubly) moot. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000).

The Clerk is therefore **DIRECTED** to terminate Plaintiff's motion (Docket No. 16) without prejudice.

Nevertheless, the Court notes that in answering Plaintiff's first amended complaint (Docket No. 27), Defendant Fenoy and his counsel would be well served to be guided by the following:

> [T]he assertion of any defense must comply with Rule 11. Specifically, Rule 11(b) provides that an attorney who signs a pleading certifies to the court that, to the best of the lawyer's knowledge, information, and belief, the defenses are warranted by existing law based on reasonable inquiry and are not presented for any improper purpose. *See* Fed. R. Civ. P. 11(b)(1) & (2). In the Court's view, reflexively asserting every conceivable defense divorced from the actual facts alleged or from facts that might reasonably have evidentiary support after an opportunity for investigation or discovery does not comply with Rule 11. Nor does fear of possibly waiving a defense that has no reasonable prospect of applying justify the assertion of a defense without a good-faith factual or legal basis. After all, a defense that

cannot succeed or that has "no possible relation to the controversy" is insufficient. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (citations omitted). Instead, the defendant should assert only the relevant defenses it can and expects to pursue and, if investigation or discovery provides grounds for a defense not previously asserted, seek amendment under Rule 15 or Rule 16, as the case may be. In this respect, the Rules require that Defendant and its counsel evaluate the legal and factual bases for defenses before asserting them.

*Greenberger v. Bober, Markey, Fedorovich & Co.*, 343 F.R.D. 375, 378 (N.D. Ohio 2023).

Defendants must answer or otherwise respond to Plaintiff's first amended complaint as directed by Fed. R. Civ. P. 15(a)(3).

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge